UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNY RUBIN, et al.<br>    Plaintiffs—Judgment Creditors<br>v.<br>THE ISLAMIC REPUBLIC OF IRAN, et al.<br>    Defendants—Judgment Debtors<br>v.<br>MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, et al.<br>    Trustee Process Respondents. | Case No.:<br>1:05-mc-10079-GAO |

**TRUSTEE PROCESS RESPONDENTS HARVARD PARTIES' ANSWER IN RESPONSE TO JUDGMENT CREDITORS' SUMMONS**

Trustee Process Respondents Harvard University, the President and Fellows of Harvard College, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum ("Harvard parties")[1] respond to the judgment creditors' summons as follows:

The Harvard parties are not in possession of any goods, effects, or credits of the judgment debtors, and were not in possession of any such goods, effects, or credits at the time of service of the Summons. As set forth in the accompanying Abrahams, Armstrong, and Fisher affidavits, the Harvard parties own and have in their possession a number of antiquities that originated in or

---

[1] Harvard Unversity, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum are not legal entities subject to suit. The President and Fellows of Harvard College is the legal entity that comprises the various named schools and museums and is the only proper party to this litigation. *See* Berkman Declaration. Accordingly, all parties other than the President and Fellows of Harvard College should be dismissed from this proceeding.

are believed to have originated in Iran, but the judgment debtors do not have and never have asserted an ownership interest in those items.

Even if, contrary to fact, any items in the Harvard parties' possession belonged to the judgment debtors, those items would not be property "which may be taken on execution" of a judgment, Summons p. 2, because, as set forth in the Abrahams, Armstrong, and Fisher declarations, neither the Islamic Republic of Iran nor any of its instrumentalities or entities has ever used any property in the Harvard parties' possession "for a commercial activity in the United States," and thus any such property is immune from execution under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(a).

    Respectfully submitted,

    THE PRESIDENT AND FELLOWS OF
    HARVARD COLLEGE,

    By its attorneys,

    /s/ Paul R.Q. Wolfson
    Paul R.Q. Wolfson (admitted pro hac vice)
    Mark C. Fleming (BBO #639358)

    WILMER CUTLER PICKERING HALE AND
    DORR LLP
    2445 M Street NW
    Washington DC 20037
    Tel: (202) 663-6390
    Fax: (202) 663-6363
    Paul.Wolfson@wilmerhale.com

Dated: June 27, 2005