UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al. | ) |
|     Plaintiffs–Judgment Creditors, | ) |
| v. | ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al. | ) Case No.: |
|     Defendants–Judgment Debtors, | ) 1:05-MC-10079-GAO |
| v. | ) |
| MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, et al. | ) |
|     Trustee Process Respondents. | ) |

## DECLARATION OF LUANN WILKINS ABRAHAMS

I, Luann Wilkins Abrahams, declare and state as follows:

1. My title is Assistant Director for Administration of the Harvard University Art Museums (HUAM). HUAM consists of the following museums: the Fogg Art Museum, the Busch-Reisinger Museum, and the Arthur M. Sackler Museum. HUAM does not include the Peabody Museum or the Semitic Museum. I have held my current position since December 2004, and served as Manager of Special Projects for HUAM from June 2004 through November 2004 and Special Projects Administrator for HUAM from January 2000 to June 2004.

2. As Assistant Director for Administration of HUAM, my duties include advising the Director and Deputy Director of HUAM on organizational issues of policy, planning, and communication; creating and implementing HUAM policies and procedures regarding

US1DOCS 5156809v3

general administration and planning initiatives; and managing day-to-day operations of the Director's office, including supervision of support staff.

3. As Assistant Director for Administration of HUAM, I am in a position to speak to the content of records held by HUAM about the provenance of items in the HUAM collections, the uses that are or have been made of items in the HUAM collections, and communications that HUAM has had with other entities about items in the HUAM collections. All of the statements in this declaration are based either on my personal knowledge, on information that I have obtained from other employees of HUAM, or on my personal review of documents relating to HUAM's acquisition of Iranian antiquities in its collection.

4. Harvard University is a non-profit institution, dedicated to education and research. The mission of HUAM is to preserve, document, present, interpret, and strengthen the collections and resources in its care, and in keeping with the larger purposes of Harvard University, to advance the knowledge and appreciation of art and art museums through research, teaching, professional training and public education.

5. All of the Iranian antiquities in the possession of HUAM are either the property of Harvard University or are on loan to Harvard University from private collections or other institutions outside Iran. By "Iranian antiquities" I refer to all objects predating approximately 500 C.E. that were excavated or discovered within the boundaries of present-day Iran or reflect civilizations and cultures from before approximately 500 C.E. that were located within the boundaries of present-day Iran.

6. To the best of my knowledge, no artifact in the possession of HUAM is the property of the Islamic Republic of Iran, the Iranian Ministry of Information & Security, Ayatollah Ali

Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, or Ali Fallahian-Khuzestani. HUAM has no records of any purchases, loans, or any other agreements that would suggest that any of the Iranian antiquities in the possession of HUAM, or indeed any artifact in the possession of HUAM, is the property of the government of Iran or any of its instrumentalities or entities. HUAM has no records of any purchases, loans, or any other agreements that would suggest that any of the Iranian antiquities in the possession of the HUAM is the property of the government of Iran or any of its instrumentalities or entities.

7. My understanding is that plaintiffs have shown particular interest in six objects supposedly on display at the Sackler Museum that are linked to an excavation site at Persepolis in ancient Persia (see Memorandum in Support of Plaintiffs' Motion for Order of Attachment by Trustee Process, at p.3). I am not entirely certain which objects plaintiffs are referring to, but I can state that HUAM has in its collection six relief fragments from Persepolis that are on prominent display on the third floor of the Sackler Museum, mounted on a metal bracket system that is embedded in the wall of a gallery. A wall panel accompanying those items explains that the six reliefs were part of the 1943 bequest from Grenville L. Winthrop to Harvard University. Thus, if the plaintiffs had inspected the Persepolis reliefs at the Sackler, they would have seen that Harvard obtained those items by bequest from Mr. Winthrop, and not from Iran. The Grenville L. Winthrop bequest constitutes one of the most important components of Harvard University's collection of art works and artifacts.

8. To the best of my knowledge, at no point prior to the filing of the attachment proceeding in this case, on April 28, 2005, did any representative of the Rubin parties approach any employee of HUAM, the Sackler Museum, the Fogg Museum, or the Busch-Reisinger Museum to determine whether any Iranian antiquities in the collection of the HUAM might

3

be the property of the Islamic Republic of Iran, the Iranian Ministry of Information & Security, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, or Ali Fallahian-Khuzestani.

9. To the best of my knowledge, neither the Government of Iran nor any of Iran's instrumentalities or officials, including the Iranian Ministry of Information & Security, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, or Ali Fallahian-Khuzestani, has ever asserted a claim of ownership to any the Iranian antiquities in the possession of HUAM. Neither Harvard University nor HUAM in particular has ever been asked to return any of the Iranian antiquities in the possession of HUAM to Iran.

10. To the best of my knowledge, Iran has not used any of the Iranian antiquities in HUAM's possession for a commercial activity (or, indeed, for any activity) in the United States. As far as I am aware, nothing in HUAM's records suggests that Iran has made any use of the Iranian antiquities in HUAM's collection since they came into Harvard's possession.

11. To the best of my knowledge, no one at Harvard or at HUAM in particular has ever communicated with the government of Iran or with any of its agencies or officials about the uses to which the Iranian antiquities in its collection are put. We have never taken direction from the Iranian government or people associated with the government about such uses. Nor has Harvard or HUAM remitted any funds to the government of Iran or its agencies or officials for any purpose arising out of Harvard's or HUAM's possession or use of its Iranian antiquities.

12. HUAM has no current plans to lend any of the Iranian antiquities in its collection to any other institution, and in particular has no plans to lend any of these materials to the British

Museum for the upcoming exhibition of Persian art identified on p. 6 of the Memorandum in Support of Plaintiffs' Motion for Order of Attachment by Trustee Process. Thus, there is no basis for any speculation that any of the Iranian antiquities in the collection of HUAM will be taken outside the jurisdiction of this Court.

US1DOCS 5156809v3

I declare under penalty of perjury that the foregoing is true and correct. Executed at Cambridge, Massachusetts, on June 21, 2005.

*Luann Wilkins Abrahams*
Luann Wilkins Abrahams

US1DOCS 5156809v3