UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN,<br>DEBORAH RUBIN,<br>DANIEL MILLER,<br>ABRAHAM MENDELSON,<br>STUART E. HERSCH,<br>RENAY FRYM,<br>NOAM ROZENMAN,<br>ELENA ROZENMAN and<br>TZVI ROZENMAN<br><br>   Plaintiffs — Judgment Creditors,<br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br>THE IRANIAN MINISTRY OF INFORMATION<br>AND SECURITY,<br>AYATOLLAH ALI HOSEINI KHAMENEI,<br>ALI AKBAR HASHEMI-RAFSANJANI and<br>ALI FALLAHIAN-KHUZESTANI<br><br>   Defendants – Judgment Debtors,<br>v.<br><br>MUSEUM OF FINE ARTS, a not-for-profit corporation<br>(a/k/a Boston MFA), HARVARD UNIVERSITY, et al<br><br>   Trustee Process Defendants. | Case No.: 1:05-MC-10079 |

**PLAINTIFFS' MOTION TO STAY TRUSTEE PROCESS DEFENDANTS' MOTION TO QUASH SUMMONS AND TO DISSOLVE ATTACHMENT BY TRUSTEE PROCESS PENDING DETERMINATION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRUSTEE PROCESS DEFENDANTS' STANDING TO RAISE IRAN'S SOVEREIGN IMMUNITY DEFENSE AND PENDING COMPLETION OF ANY NECESSARY DISCOVERY**

Plaintiffs hereby move for entry of an order staying further briefing on and disposition of the Trustee Process Defendants' Motion to Quash Summons and to Dissolve Attachment by Trustee Process, for the reasons set forth below:

1. The Trustee Process Defendants have filed Responses to the trustee process summonses in which they admit to holding antiquities and artifacts that originated in Iran, deny that these items are the property of Iran, and assert that any property of Iran in their possession is immune from attachment and execution pursuant to § 1610 of the Foreign Sovereign Immunities Act ("FSIA").

2. Moreover, the Harvard Trustee Process Defendants[1] have filed a Motion to Quash Summons and to Dissolve Attachment By Trustee Process ("Motion to Quash") seeking a dispositive ruling that any property of Iran in its possession is immune from execution under §§ 1609 – 1610 of the FSIA.

3. Plaintiff are filing concurrently herewith a Motion for Partial Summary Judgment Establishing That No Person Other Than Iran May Assert Iran's Sovereign Immunity Defenses Under §§ 1609 and 1610 of the FSIA. Copy attached.

4. As discussed at length in the Memorandum in support of Plaintiffs' Motion for Partial Summary Judgment, the Second, Ninth and Eleventh Circuits (and apparently every district court to have considered the question) have expressly held that a sovereign immunity defense to attachment and execution under §§ 1609 and 1610 of the FSIA can only be asserted by the foreign state itself.

5. Therefore, if Plaintiffs' Motion for Partial Summary Judgment is granted (which seems extremely likely given the overwhelming precedent in their favor) Harvard's Motion to Quash, which is wholly based on Iran's sovereign immunity defenses to execution under the FSIA, will be will be entirely mooted.

---

[1] Which include Harvard University, President and Fellows of Harvard College, Harvard University Art Museums, Busch-Reisinger Museum, Fogg Art Museum, Sackler Museum, Semitic Museum, and Peabody Museum of Archaeology and Ethnology.

6. Clearly, it would be an enormous waste of the time and resources of both the Court and the parties, to litigate and determine the hypothetical amenability of the assets held by the Trustee Process Defendants to execution under §§ 1609 and 1610 of the FSIA, if this Court follows the Second, Ninth and Eleventh Circuits and holds that the Trustee Process Defendants have no standing to assert these immunity defenses in the first place.

7. The briefing on and disposition of Harvard's Motion to Quash should therefore be stayed until determination of the threshold question of Harvard's standing raised in Plaintiffs' Motion for Partial Summary Judgment.

8. In the event that the Motion for Partial Summary Judgment is <u>denied</u>, then Harvard's Motion to Quash should be further stayed until completion of discovery necessary to resolve whether, as Plaintiffs will assert, the antiquities and artifacts at issue are subject to attachment and execution pursuant to § 201 of the Terrorism Risk Insurance Act ("TRIA") and/or § 1610 of the FSIA.

9. Such discovery will be necessary because determining an asset's amenability to attachment under § 1610 of the FSIA and § 201 of TRIA is a fact-dependant inquiry. Harvard argues at length in its Motion to Quash that the property in question is not subject to execution because it is purportedly not being used for a commercial activity within the meaning of §1610 of the FSIA, and is not "blocked" within the meaning of §201 of TRIA because it was allegedly included in property "unblocked" by Executive Order. Memo in Support of Motion to Quash at 5-12, 17-19. Plaintiffs strongly disagree with these factual claims and (if their Partial Summary Judgment Motion is denied) intend to demonstrate that the antiquities and artifacts are in fact being used for a commercial purpose and were never unblocked, and are therefore subject to execution and attachment under both the FSIA and TRIA. Clearly, settling these factual disputes, which

involve information and documents in the sole possession of the Trustee Process Defendants, will require some discovery.

WHEREFORE, the Plaintiffs pray that this Court:

(1) Enter an Order staying further briefing on and disposition of Harvard's Motion to Quash pending disposition of the Plaintiffs' Motion for Partial Summary Judgment; and

(2) In the event that Plaintiffs' Motion for Partial Summary Judgment is denied, further staying briefing on and disposition of Harvard's Motion to Quash pending completion of discovery regarding factual issues relevant the application of § 1610 of the FSIA and § 201 of TRIA; and

(3) Grant Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Jenny Rubin, et al.

By their attorneys,

 /s/ Richard J. Grahn
Richard J. Grahn, Esq., (BBO #206620)
Edward V. Colbert, III, Esq., (BBO #566187)
Georgia J. Asimakopoulos, Esq., (BBO #658232)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800


/s/ David J. Strachman, Esq.        (GJA)
David J. Strachman, Esq., (BBO #660136)
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700

Dated: July 25, 2005