## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNY RUBIN, <br> DEBORAH RUBIN, <br> DANIEL MILLER, <br> ABRAHAM MENDELSON, <br> STUART E. HERSCH, <br> RENAY FRYM, <br> NOAM ROZENMAN, <br> ELENA ROZENMAN and <br> TZVI ROZENMAN <br><br> Plaintiffs — Judgment Creditors, <br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, <br> THE IRANIAN MINISTRY OF INFORMATION <br> AND SECURITY, <br> AYATOLLAH ALI HOSEINI KHAMENEI, <br> ALI AKBAR HASHEMI-RAFSANJANI and <br> ALI FALLAHIAN-KHUZESTANI <br><br> Defendants – Judgment Debtors, <br> v. <br><br> MUSEUM OF FINE ARTS, a not-for-profit corporation <br> (a/k/a Boston MFA), HARVARD UNIVERSITY, et al <br><br> Trustee Process Defendants. | Case No.: 1:05-MC-10079 |

**PLAINTIFFS' MOTION TO STAY THE MUSEUM OF FINE ART'S MOTION TO QUASH TRUSTEE PROCESS SUMMONS AND DISSOLVE ATTACHMENT PENDING DETERMINATION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRUSTEE PROCESS DEFENDANTS' STANDING TO RAISE IRAN'S SOVEREIGN IMMUNITY DEFENSE AND PENDING COMPLETION OF ANY <u>NECESSARY DISCOVERY</u>**

Plaintiffs hereby move for entry of an order staying further briefing on and disposition of Trustee Process Defendant's, the Museum of Fine Arts ("MFA"), Motion to Quash Trustee Process Summons and to Dissolve Attachment, for the reasons set forth below:

1. The MFA has filed a Verified Response to Judgment Creditors' Summons in which it admits to holding antiquities and artifacts that originated in Iran, denies that these items are the property of Iran, and asserts that any property of Iran in their possession is immune from attachment and execution pursuant to § 1610 of the Foreign Sovereign Immunities Act ("FSIA"). A copy of the MFA's Verified Response to Judgment Creditors' Summons is attached hereto as *Exhibit A*.

2. Moreover, the MFA has filed a Motion to Quash Trustee Process Summons and Dissolve Attachment ("Motion to Quash") seeking a dispositive ruling that any property of Iran in its possession is immune from execution under the FSIA § 1601 *et seq.*.

3. Plaintiffs have filed a Motion for Partial Summary Judgment Establishing That No Person Other Than Iran May Assert Iran's Sovereign Immunity Defenses Under §§ 1609 and 1610 of the FSIA ("Plaintiffs' Motion for Partial Summary Judgment") (Docket No. 37).

4. As discussed at length in the Memorandum in support of Plaintiffs' Motion for Partial Summary Judgment, the Second, Ninth and Eleventh Circuits have expressly held that a sovereign immunity defense to attachment and execution under §§ 1609 and 1610 of the FSIA can only be asserted by the foreign state itself.

5. Therefore, if Plaintiffs' Motion for Partial Summary Judgment is granted (which seems likely given the overwhelming precedent in their favor), the MFA's Motion to Quash, which is wholly based on Iran's sovereign immunity defenses to execution under the FSIA, will be entirely mooted.

6. Clearly, it would be an enormous waste of the time and resources of both the Court and the parties, to litigate and determine the hypothetical amenability of the assets held by the MFA to execution under §§ 1609 and 1610 of the FSIA, if this Court follows the Second, Ninth and

Eleventh Circuits and holds that the Trustee Process Defendants have no standing to assert these immunity defenses in the first place.

7. The briefing on and disposition of the MFA's Motion to Quash should therefore be stayed until determination of the threshold question of the MFA's standing raised in Plaintiffs' Motion for Partial Summary Judgment.

8. In the event that the Plaintiffs' Motion for Partial Summary Judgment is denied, then the MFA's Motion to Quash should be further stayed until completion of discovery necessary to resolve whether, as Plaintiffs will assert, the antiquities and artifacts at issue are subject to attachment and execution pursuant to § 201 of the Terrorism Risk Insurance Act ("TRIA") and/or § 1610 of the FSIA.

9. Such discovery will be necessary because determining an asset's amenability to attachment under § 1610 of the FSIA and § 201 of TRIA is a fact-dependant inquiry. The MFA argues at length in its Motion to Quash that the property in question is not subject to execution because it is purportedly not being used for a commercial activity within the meaning of §1610 of the FSIA, and is not "blocked" within the meaning of §201 of TRIA because it was allegedly included in property "unblocked" by Executive Order. Memo in Support of Motion to Quash at 4-11, 12-13. Plaintiffs strongly disagree with these factual claims and (if their Partial Summary Judgment Motion is denied) intend to demonstrate that the antiquities and artifacts are in fact being used for a commercial purpose and were never unblocked, and are therefore subject to execution and attachment under both the FSIA and TRIA. Clearly, settling these factual disputes, which involve information and documents in the sole possession of the MFA, will require some discovery.

WHEREFORE, the Plaintiffs pray that this Court:

(1) Enter an Order staying further briefing on and disposition of the MFA's Motion to Quash pending disposition of the Plaintiffs' Motion for Partial Summary Judgment; and

(2) In the event that Plaintiffs' Motion for Partial Summary Judgment is denied, further staying briefing on and disposition of the MFA's Motion to Quash pending completion of discovery regarding factual issues relevant the application of § 1610 of the FSIA and § 201 of TRIA; and

(3) Grant Plaintiffs such other and further relief as the Court deems just and proper.

### Request for Oral Argument.

Plaintiffs respectfully request oral argument on this Motion, which Plaintiffs believes will assist the Court in its disposition hereof.

### Local Rule 7.1(A)(2) Certification.

The undersigned counsel for the Plaintiffs certifies that he has conferred with counsel for the Trustee Process Defendants and has attempted in good faith to resolve or narrow the issues herein.

Respectfully Submitted,

Jenny Rubin, et al.
By their attorneys,

 /s/ Richard J. Grahn
Richard J. Grahn, Esq., (BBO #206620)
Edward V. Colbert, III, Esq., (BBO #566187)
Georgia J. Asimakopoulos, Esq., (BBO #658232)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

/s/ David J. Strachman, Esq.        (GJA)
David J. Strachman, Esq., (BBO #660136)
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700

Dated: August 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2005 I served a copy of the following pleadings:

(1) **Plaintiffs' Motion To Stay The Museum Of Fine Art's Motion To Quash Trustee Process Summons And Dissolve Attachment Pending Determination Of Plaintiffs' Motion For Partial Summary Judgment As To Trustee Process Defendants' Standing To Raise Iran's Sovereign Immunity Defense And Pending Completion Of Any Necessary Discovery**

upon Trustee Process Defendants by electronic notification and/or by mailing copies thereof via first class mail, postage prepaid, properly addressed to the following:

Paul R.Q. Wolfson
(Counsel for Trustee Process Defendant, Harvard)
WILMER CUTLER PICKERING
HALE & DORR LLP
2445 M Street NW
Washington, DC  20037

Mark C. Fleming
(Counsel for Trustee Process Defendant, Harvard)
WILMER CUTLER PICKERING
HALE & DORR LLP
60 State Street
Boston, MA  02109

Robert J. Muldoon, Jr.
(Counsel for Trustee Process Defendant, MFA)
Sherin & Lodgen LLP
101 Federal Street
Boston, Massachusetts  02110
(617) 646-2000

/s/ Georgia J. Asimakopoulos
Georgia J. Asimakopoulos

EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, DEBORAH RUBIN, DANIEL MILLER, ABRAHAM MENDELSON, STUART E. HERSCH, RENAY FRYM, NOAM ROZENMAN, ELENA ROZENMAN and TZVI ROSENMAN, <br><br> Plaintiffs — Judgment Creditors, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, (a/k/a Iran, The Republic of Iran, Republic of Iran, The Government of Iran, Iranian Government, and Imperial Government of Iran), THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, AYATOLLAH ALI HOSEINI KHAMENEI, ALI AKBAR HASHEMI-RAFSANJANI and ALI FALLAHIAN-KHUZESTANI, <br><br> Defendants — Judgment Debtors, <br><br> v. <br><br> MUSEUM OF FINE ARTS, a not-for-profit corporation (a/k/a Boston MFA), HARVARD UNIVERSITY, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, HARVARD UNIVERSITY ART MUSEUMS, BUSCH-REISINGER MUSEUM, FOGG ART MUSEUM, SACKLER MUSEUM, SEMITIC MUSEUM, and PEABODY MUSEUM OF ARCHAEOLOGY AND ETHNOLOGY, <br><br> Trustee Process Defendants. | Case No.: 1:05-MC-10079 |

**VERIFIED RESPONSE OF MUSEUM OF FINE ARTS**
**TO JUDGMENT CREDITORS' SUMMONS**

The Museum of Fine Arts (the "MFA") responds pursuant to Rule 69 of the Federal Rules of Civil Procedure to the Judgment Creditors' Summons served upon it May 16, 2005:

MFA has no goods, effects or credits of the Islamic Republic of Iran or any other Judgment Debtor in its possession and had no such goods, effects or credits in its possession at the time of service of the Summons as more fully set forth below:

MFA owns and has in its possession a number of properties that originated or are believed to have originated in Iran, but the Islamic Republic of Iran and other Judgment Debtors have no ownership interest in such properties and have never asserted any such interest.

MFA also has in its possession one property that it received on permanent loan from the University of Chicago in 1937 that originated in Iran. On information and belief, this large stone relief of a lion attacking a bull was excavated by the University of Chicago at Persepolis and is owned by the University, and is not a good, effect or credit of the Islamic Republic of Iran or any other Judgment Debtor.

MFA additionally has in its possession three musical instruments loaned to it by the Boston Symphony Orchestra in 2000 that are believed to have originated in Iran. On information and belief, these properties are owned by the Boston Symphony Orchestra, which received the properties from a donor, and are not goods, effects or credits of the Islamic Republic of Iran or any other Judgment Debtor.

Since the time any property believed to have originated in Iran came into the possession of MFA, it has had no communications with the Islamic Republic of Iran or any other Judgment Debtor concerning such property, and specifically MFA has had no such communication relating to the ownership or use of such property.

Any property in the possession of MFA also could not be "taken on execution issued upon said judgment as the plaintiffs . . . have recovered . . . . in the United States District Court for the District of Columbia" (Summons p.2) even if, contrary to fact, the Islamic Republic of Iran owned such property, because the Islamic Republic of Iran has not used any such property "for a commercial activity in the United States" within the meaning of 28 U.S.C. § 1610(a). *See also Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108 (N.D. Ill. 2004); *see generally* Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq* .

June 6, 2005

3

/s/ Kenneth D. Small
Kenneth D. Small BBO#: 567868
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
Fax: (617) 646-2222

William D. Iverson
Jason M. Knott
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 778-5549

James C. Snipes
COVINGTON & BURLING
One Front Street
San Francisco, CA 94111
Tel: (415) 591-7071
Fax: (415) 381-4290

*Attorneys for Museum of Fine Arts*

## VERIFICATION

I, Katherine G. Getchell, the Deputy Director, Curatorial of the Museum of Fine Arts, declare under penalty of perjury that the foregoing statements of fact are true and correct based upon my personal knowledge or information supplied to me by other employees of the Museum of Fine Arts. Executed on June 3, 2005.

Katherine G. Getchell