UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al. | ) |
|     Plaintiffs — Judgment Creditors, | ) Case No.: 1:05-MC-10079 (GAO) <br> ) <br> ) |
| v. | ) <br> ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) <br> ) <br> ) |
|     Defendants — Judgment Debtors, | ) <br> ) |
| v. | ) <br> ) |
| MUSEUM OF FINE ARTS, et al., | ) <br> ) |
|     Trustee Process Defendants. | ) |

**OPPOSITION OF THE MUSEUM OF FINE ARTS
TO PLAINTIFFS' MOTION TO STAY**

The Museum of Fine Arts ("MFA") and the President and Fellows of Harvard University ("Harvard"), Trustee Process Defendants, filed motions to quash trustee process and dissolve attachment on July 29, 2005, and June 25, 2005, respectively. Plaintiffs agreed to oppose Harvard's motion by July 25, 2005.[1] Plaintiffs never responded to MFA's motion or requested an extension of their time to do so; under Local Rule 7.1(b)(2), the due date for such an opposition was August 12, 2005.

Instead of filing timely oppositions, Plaintiffs filed a Motion for Partial Summary Judgment against Harvard and MFA on July 25, 2005, arguing that only Iran has "standing" to raise sovereign immunity of Iran-owned property. Thereafter, on August 11, 2005, Plaintiffs

---

[1] July 8, 2005 Assented-To Motion of Pls. for an Extension of Time to Oppose Trustee Process Defs.' Motion To Quash Summons And To Dissolve Attachment By Trustee Process.

filed a motion to stay further briefing on MFA's motion to quash (1) pending decision on their partial summary judgment motion and (2) pending further discovery.[2]

Plaintiffs' motion to stay, rather than conserving judicial and party resources, seeks to circumvent MFA's pending motion to quash and to impose burdensome and wholly unnecessary discovery on MFA. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). When deciding whether to grant a stay, a court should consider whether the stay would result in (1) "confusion of issues," (2) "delay of outcome," and (3) "waste of public and private resources." *See United Parcel Service, Inc. v. Chadwick's of Boston, Ltd.*, 900 F. Supp. 557, 562 (D. Mass. 1995). The request for a stay here would lead to all three of these consequences.

1. **Confusion of Issues**

Plaintiffs base their argument that addressing MFA's motion to quash would be "an enormous waste of the time and resources of both the Court and the parties" solely on their assertion that their motion is likely to succeed. As MFA's memorandum in opposition to Plaintiffs' partial summary judgment motion shows, Plaintiffs ask the court to disregard the clear language of a controlling federal statute, the Foreign Sovereign Immunities Act ("FSIA"), as well as contrary on-point authority from the only appellate court to address the issue. *See Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.3d 229 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 1841 (2005). There is no need to confuse the issues by delaying decision on MFA's motion to quash.

---

[2] Pls.' Motion to Stay the Museum of Fine Art's [sic] Motion to Quash Trustee Process Summons and Dissolve Attachment Pending Determination of Pls.' Motion for Partial Summary Judgment as to Trustee Process Defs.' Standing to Raise Iran's Sovereign Immunity Defense and Pending Completion of Any Necessary Discovery.

**2.      Delay of Outcome**

Plaintiffs' requested stay would delay a resolution of this proceeding until Plaintiffs have completed discovery unnecessary and irrelevant to a resolution of the pending motions. MFA has moved to quash the trustee process summons and dissolve the attachment, which would resolve this proceeding. Such relief may and should be granted now.

The premise for Plaintiffs' trustee process summons is their theory that the antiquities and artifacts in question, acquired by MFA "during the 1920's and 30's," were "removed from Iran without Iran's permission or knowledge and therefore remain the property of Iran."[3] MFA emphatically rejects this allegation, and has stated in its Verified Response[4] to the trustee process summons that it holds no property belonging to Iran. But even if Plaintiffs were correct, their theory merely confirms the fact, pointed out in MFA's Verified Response, that even if one or more of the antiquities in the MFA's collections were the property of Iran, Iran has not used any such property "for a commercial activity in the United States," and therefore any such property is not subject to attachment under the clear language of sections 1609 and 1610(a) of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1609-1610(a). Accordingly, the Court can and should resolve this proceeding now by granting MFA's motion to quash the trustee process summons.

---

[3] Pls.' Motion for Partial Summary Judgment Establishing that No Person Other than Iran May Assert Iran's Sovereign Immunity Defenses Under §§ 1609 and 1610 of the FSIA, at 2 n.2.

[4] Verified Response of the MFA to Trustee Process Summons, at 2.

00080793.DOC /                                  3

### 3. Waste of Resources

Since MFA's motion to quash may be decided now, Plaintiffs' request to delay a decision on this dispositive motion would waste the resources of the Court in supervising the unnecessary and burdensome discovery to which Plaintiffs would like to subject MFA.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to stay should be denied.

Dated: August 29, 2005

Respectfully submitted,

/s/ Courtney A. Clark
Robert J. Muldoon, Jr. BBO#: 359480
Courtney A. Clark BBO#: 651381
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
Fax: (617) 646-2222

William D. Iverson
Jason M. Knott
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 778-5549

*Attorneys for Museum of Fine Arts*