UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al.<br>Plaintiffs—Judgment Creditors<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.<br>Defendants—Judgment Debtors<br><br>v.<br><br>MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, et al.<br>Trustee Process Respondents. | Case No.:<br>1:05-mc-10079-GAO |

**TRUSTEE PROCESS RESPONDENTS HARVARD PARTIES' RESPONSE TO PLAINTIFFS' MOTION TO STAY RESOLUTION OF MOTION TO QUASH SUMMONS**

On April 28, 2005, the plaintiffs-judgment creditors obtained a summons from this Court after moving for an order of attachment by trustee process against Trustee Process Respondents Harvard University, the President and Fellows of Harvard College, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum ("Harvard").[1]  On June 27, 2005, Harvard filed an answer to the summons, demonstrating that it does not have in its possession any property of the Iranian government or of the other judgment debtors, and a Motion to Quash Summons and to Dissolve Attachment By Trustee Process (the "Motion to Quash").  In the motion and accompanying memorandum, Harvard argued that, even if it did possess property belonging to

---

[1] As set out in the Memorandum in Support of Motion to Quash Summons (at 1 n.1), the President and Fellows of Harvard College is the legal entity that comprises the various named schools and museums and is the only proper party to this litigation.  All other named Harvard entities should be dismissed from this proceeding.

1

the government of Iran (which it does not), that property would be absolutely immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1609–10. The motion is currently pending.

The plaintiffs did not respond to Harvard motion. Instead, on the date a response was due, they filed a Motion for Partial Summary Judgment and a separate motion to stay consideration of Harvard's Motion to Quash, pending resolution of their own, new motion, and pending completion of "any necessary" discovery. At no time did the plaintiffs ask Harvard to consent to an extension of time in which to oppose Harvard's Motion to Quash, nor have they requested such an extension from the Court. Rather, the plaintiffs are proceeding as though their Motion for Partial Summary Judgment and motion to stay automatically acted as a stay on their obligation to respond to Harvard's Motion to Quash.

The plaintiffs should not be permitted to manipulate the course of motions practice so unnecessarily. As just described, the heart of Harvard's Motion to Quash is that, even assuming *arguendo* that antiquities in Harvard's possession belong to Iran, they are immune from attachment under the FSIA. The only substantive argument presented in the plaintiffs' Motion for Partial Summary Judgment is that Harvard lacks standing to raise an FSIA objection. That is a straightforwardly responsive argument; its only possible relevance is to Harvard's FSIA claim. Therefore, it is properly raised only in a response to Harvard's motion.

The plaintiffs' request that consideration of Harvard's dispositive motion be stayed pending completion of any "necessary" discovery is likewise unnecessary and will function only to increase the costs of litigation borne by Harvard and by the Court. As the Motion to Quash demonstrates, application of the FSIA to this case leaves alive a single, extraordinarily limited,

2

factual question: whether Iran has used any of the Iranian antiquities in Harvard's possession for a commercial activity in the United States. The Abrahams, Armstrong, and Fisher declarations submitted in conjunction with Harvard's Answer to the Summons amply demonstrate that Iran has made no such use of the antiquities. But even if some additional discovery on that limited point will be permitted, concerns of economy dictate that it be allowed only after the Court has delineated the factual issues by resolving the legal questions presented in the Motion to Quash.

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiffs' request to stay consideration of the Motion to Quash and order the plaintiffs to file a response forthwith.

Respectfully submitted,

THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By their attorneys,

/s/ Paul R.Q. Wolfson
Paul R.Q. Wolfson (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street N.W.
Washington, DC 20037
(202) 663-6000

Mark C. Fleming (BBO # 639358)
Timothy R. Shannon (BBO # 655325)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

Dated: August 29, 2005                (617) 526-6000

3