UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al. )<br> )<br>    Plaintiffs – Judgment Creditors,  )<br>  v. )<br> )<br>THE ISLAMIC REPUBLIC OF IRAN, et al. )<br> )<br>    Defendants – Judgment Debtors, )<br>  v. )<br> )<br>MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, )<br>et al. )<br> )<br>    Trustee Process Respondents. )<br> ) | Case No.: 05-MC-10079 (GAO) |

**TRUSTEE PROCESS RESPONDENTS HARVARD PARTIES'
STATEMENT IN RESPONSE TO
<u>PLAINTIFFS' STATEMENT UNDER LOCAL RULE 56.1</u>**

Trustee Process Respondents Harvard University, the President and Fellows of Harvard College, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum ("Harvard")[1] submit this statement in response to the Plaintiffs' "Concise Statement of Material Facts of Record as to Which the Plaintiffs Contend There is no Genuine Issue to be Tried," on pages 2 – 5

---

[1] Harvard University, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum are not legal entities subject to suit. The President and Fellows of Harvard College is the legal entity that comprises the various named schools and museums and is the only proper party to this litigation. *See* Declaration of Ellen Fels Berkman ¶¶ 3-4 (filed June 27, 2005). Accordingly, all parties other than the President and Fellows of Harvard College should be dismissed from this proceeding.

1

of their Motion for Partial Summary Judgment Establishing That No Person Other Than Iran May Assert Iran's Sovereign Immunity Defenses ("Motion for Partial Summary Judgment").[2]

**RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

By their own admission, the plaintiffs' motion for partial summary judgment raises a "purely legal question." Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment at 11. The 17 "facts" identified by the plaintiffs in their Local Rule 56.1 statement are not "material" to their motion, which can and should be decided without reference to any facts, disputed or otherwise.

Subject to the foregoing, Harvard responds to the respective numbered paragraphs of plaintiffs' statement of purported "material facts" as follows:

1.    This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

2.    This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

---

[2] Harvard submits this Rule 56.1 Statement without prejudice to its position that the plaintiffs' Motion for Partial Summary Judgment is procedurally improper given the pendency of Harvard's motion to quash trustee process. *See* Trustee Process Respondents Harvard Parties' Opposition to Rubin Parties' Motion to Stay Resolution of Motion to Quash Summons (filed herewith).

3

3. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

4. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

5. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

6. This allegation is immaterial to the plaintiffs' motion, as it simply identifies an entry in this Court's docket. To the extent the Court decides otherwise, Harvard admits the allegation.

7. This allegation is immaterial to the plaintiffs' motion, as it simply identifies an entry in this Court's docket. To the extent the Court decides otherwise, Harvard admits the allegation, except that Harvard disputes the statement in footnote 1, which purportedly relies on media articles from 1997 and 1998, which are inadmissible. Moreover, since the articles do not mention Iran or Iranian artifacts, they bear no relevance to this case, let alone to the plaintiffs' motion. The articles appear to have been submitted solely to cast aspersions on the Museum of Fine Arts and Harvard, and Harvard respectfully requests that this Court strike or disregard this material as irrelevant.

US1DOCS 5264316v4

8.      This allegation is immaterial to the plaintiffs' motion.  To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

9.      This allegation is immaterial to the plaintiffs' motion.  To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

10.     This allegation is immaterial to the plaintiffs' motion, as it simply identifies entries in this Court's docket.  To the extent the Court decides otherwise, Harvard admits the allegation.

11.     This allegation is immaterial to the plaintiffs' motion, as it simply identifies an entry in this Court's docket.  To the extent the Court decides otherwise, Harvard admits the allegation.

12.     This allegation is immaterial to the plaintiffs' motion, as it simply identifies an entry in this Court's docket.  To the extent the Court decides otherwise, Harvard admits the allegation, except that Harvard's response also contained additional information justifying dissolution of the attachment in this matter, including the fact that Harvard is "not in possession of any goods, effects, or credits of the judgment debtors," and was "not in possession of any such goods, effects, or credits at the time of service of the Summons."  Trustee Process Respondents Harvard Parties' Answer In Response To Judgment Creditors' Summons at 1; Declaration of Luann Wilkins Abrahams ¶¶ 5-6; Declaration of James A. Armstrong ¶¶ 5-6; Declaration of Genevieve Fisher ¶¶ 5-6.

US1DOCS 5264316v4

13. This allegation is immaterial to the plaintiffs' motion, as it simply identifies an entry in this Court's docket. To the extent the Court decides otherwise, Harvard admits the allegation.

14. The argumentative characterization that Harvard seeks to "extinguish this proceeding summarily" is neither factual nor material to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that its Motion to Quash seeks lawful and appropriate relief under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1609, 1610.

15. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard admits that it received the plaintiffs' document requests and further states that it provided the plaintiffs with a timely response to those requests.

16. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard states that it has had no opportunity to test the accuracy of this assertion and, accordingly, requests a continuance to permit discovery on this assertion pursuant to Fed. R. Civ. P. 56(f).

17. This allegation is immaterial to the plaintiffs' motion. To the extent the Court decides otherwise, Harvard admits that it has not communicated with Iran about this proceeding. Plaintiffs' statement that Harvard has not been "requested by Iran to assert legal defenses on Iran's behalf" is misleading, since Harvard is not purporting to assert a "defense on Iran's behalf," but rather to ensure that property that is exempt from attachment under 28 U.S.C. § 1609 is not attached in these proceedings. *See* Trustee Process Respondents Harvard Parties' Opposition to Plaintiffs' Motion for Partial Summary Judgment *passim*.

US1DOCS 5264316v4

**STATEMENT REGARDING MATERIAL FACTS IN DISPUTE**

Harvard does not believe that any "facts," disputed or otherwise, are "material" to the instant motion, which raises a "purely legal question," namely Harvard's ability to move to quash trustee process based on 28 U.S.C. § 1609.  Memorandum in Support of Plaintiffs' Motion for Summary Judgment at 11.  Although Harvard disputes many of the facts that Plaintiff has asserted in this proceeding—including, most importantly, that Harvard possesses items that "may be the property of Iran," Memorandum in Support of Plaintiffs' Motion for Order of Attachment by Trustee Process at 3-4—it would be premature to set forth such factual disputes at this time, since they do not bear on the resolution of plaintiffs' motion for partial summary judgment.

Respectfully submitted,

THE PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

By their attorneys,

 /s/ Paul R.Q. Wolfson
Paul R.Q. Wolfson (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street N.W.
Washington, DC 20037
(202) 663-6000

Mark C. Fleming (BBO # 639358)
Timothy R. Shannon (BBO # 655325)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Dated: August 29, 2005