UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al. <br><br> Plaintiffs — Judgment Creditors, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al. <br><br> Defendants – Judgment Debtors, <br> v. <br><br> MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, et al. <br><br> Trustee Process Defendants. | Case No.: 05-MC-10079 (GAO) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO TRUSTEE PROCESS RESPONDENTS' OPPOSITIONS TO THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

In accordance with the provisions of Local Rule 7.1 (B) (4), plaintiffs move for leave to file a reply to the Trustee Process Respondents' Oppositions to the Plaintiffs' Motion for Partial Summary Judgment.

In support of this motion, the plaintiffs state that by this litigation they seek to attach and levy against assets belonging to the Republic of Iran that are in the possession of the Trustee Process Respondents in order to satisfy a $71.5 million judgment.

Following allowance of the attachments by this court, the Trustee Process Defendants, Museum of Fine Arts and the Harvard Parties[1] moved to quash the trustee process summons and

---

[1] Harvard University, The President and Fellows of Harvard College, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, and the Peabody Museum ("The Harvard Parties").

L:\13412\000\Pld\29

dissolve the attachments arguing that even if it were determined that they were holding assets of Iran, these assets were immune from attachment under §§ 1609 and 1610 of the Foreign Sovereign Immunity Act ("FSIA") because Iran has not engaged in commercial activity with respect to these assets.

In order to focus the issues, preserve resources, and obtain an expedited decision with respect to the defenses raised[2], the plaintiffs filed a *Motion for Partial Summary Judgment Establishing that No Person Other Than Iran May Asset Iran's Sovereign Immunity Defense Under §§ 1609 and 1610 of the FSIA*. ("Motion for Partial Summary Judgment") The plaintiffs contend that circuit and district courts considering this issue uniformly have held that only the affected sovereign possesses the right to raise immunities under §§ 1609 and 1610 of the FSIA.

In their respective oppositions to the Motion for Partial Summary Judgment, the Trustee Process Defendants argue that § 1609 of the FSIA contains no standing requirement, and they attempt to distinguish case authorities relied upon by the plaintiffs as involving immunity from suit, rather than immunity from attachment. *Trustee Process Respondent Harvard Parties' Opposition to Plaintiffs' Motion for Partial Summary Judgment*, p. 11; *Opposition of the Museum of Fine Arts to Plaintiffs' Motion for Partial Summary Judgment*, p.7.

---

The Harvard Parties contend that the President and Fellows of Harvard College is the legal entity that comprises the various named schools and museums and is the only proper party to this litigation. *Trustee Process Respondents Harvard Parties' Statement in Response to Plaintiffs' Statement Under Local Rule 56.1*, p. 1 fn. 1. Upon affirmation that the requested relief is enforceable against all the named museums by and through the President and Fellows of Harvard College, the plaintiffs shall amend their pleadings accordingly.

[2] Contemporaneously, the plaintiffs filed a Motion to Stay the Trustee Process Defendants' Motion to Quash Trustee Process Summons and Dissolve Attachment pending determination of the Motion for Partial Summary Judgment. The plaintiffs sought to postpone the filing of their response to the Trustee Process Defendants' Motions to Quash in order to avoid the costs and expenditure of resources by the parties and the court to litigate and determine the hypothetical amenability of the assets held by the Trustee Process Defendants to execution under §§ 1609 and 1610 of the FSIA were the court to grant the Motion for Partial Summary Judgment. To date, the Court has not acted upon the Motion to Stay, and the plaintiffs renew their request for authorization to file their objections following decision on the Motion for Partial Summary Judgment.

The plaintiffs now seek leave to file a reply to the Trustee Process Defendants' Oppositions and to address the arguments and citation of authority identified within the Oppositions and to establish that the distinctions sought to be drawn by the Trustee Process Defendants between immunity from suit and immunity from attachments are unsupportable.

The plaintiffs believe that such a reply will be of aid to the court in reviewing these issues and allowance of the motion will be in the interests of justice.

### LOCAL RULE 7.1 (A) (2) CERTIFICATION

Counsel for the plaintiffs has conferred with counsel for each of the Trustee Process Respondents, who have affirmed that they have no objection to the filing of a reply brief within twenty days from the filing of the Trustee Process Respondents' oppositions to the Motion for Partial Summary Judgment.

JENNY RUBIN, et al

By their attorneys,

_____
Richard J. Grahn (BBO# 206620)
Looney & Grossman LLP
101 Arch Street, 9th Floor
Boston, MA 02110
(617) 951-2800

David Strachman, Esq., (BBO# 660136)
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700

Dated: September 2, 2005

L:\13412\000\Pld\29

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2005 I served a copy of the within pleadings upon Trustee Process Defendants by mailing copies thereof via first class mail, postage prepaid, properly addressed to the following:

Paul R.Q. Wolfson
(Counsel for Trustee Process Defendant, Harvard)
WILMER CUTLER PICKERING
HALE & DORR LLP
2445 M Street NW
Washington, DC 20037

Mark C. Fleming
(Counsel for Trustee Process Defendant, Harvard)
WILMER CUTLER PICKERING
HALE & DORR LLP
60 State Street
Boston, MA 02109

Robert J. Muldoon, Jr.
(Counsel for Trustee Process Defendant, MFA)
Sherin & Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

William D. Iverson
Jason M. Knott
(Counsel for Trustee Process Defendant, MFA)
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000

_____
Richard J. Grahn

L:\13412\000\Pld\29