UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al.,<br><br>    Plaintiffs – Judgment Creditors,<br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.<br><br>    Defendants – Judgment Debtors,<br>v.<br><br>MUSEUM OF FINE ARTS, HARVARD UNIVERSITY, et al.<br><br>    Trustee Process Respondents. | Case No.: 05-MC-10079 (GAO) |

### ASSENTED-TO MOTION OF TRUSTEE PROCESS RESPONDENTS HARVARD PARTIES' FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUMMONS

Pursuant to Local Rule 7.1(B)(3), Trustee Process Respondents Harvard University, the President and Fellows of Harvard College, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum ("Harvard") respectfully move for leave to file a Reply brief in support of their Motion to Quash Summons.[1]  Plaintiffs have advised that they consent to the filing of a reply brief.

On March 28, 2005, plaintiffs moved to attach by trustee process various antiquities in Harvard's possession allegedly belonging to the Islamic Republic of Iran, in order to collect on a

---

[1] Harvard University, Harvard University Art Museums, the Busch-Reisinger Museum, the Fogg Art Museum, the Sackler Museum, the Semitic Museum, and the Peabody Museum are not legal entities subject to suit.  The President and Fellows of Harvard College is the legal entity that comprises the various named schools and museums and is the only proper party to this litigation.

US1DOCS 5337295v2

default judgment they had obtained against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and three Iranian government officials.[2]  The Court issued a summons to Harvard on April 28, 2005.

On June 27, 2005, Harvard answered and moved to quash the summons and dissolve the attachment by trustee process.[3]  Harvard submitted declarations establishing that it possessed no antiquities belonging to Iran or any of the other judgment debtors.  Harvard also demonstrated that, even if (contrary to fact) Harvard were in possession of antiquities belonging to Iran, such antiquities were immune from attachment under the Foreign Sovereign Immunities Act ("FSIA"), since no exception to the FSIA applied in this case, and could not be attached under the Terrorism Risk Insurance Act ("TRIA") because they are not "blocked" assets.[4]

On September 29, 2005, the plaintiffs served and filed a Consolidated Memorandum of Law in Opposition to Trustee Process Defendants' Motions to Quash ("Consolidated Memorandum"), responding both to Harvard's Motion to Quash and the Museum of Fine Arts' motion to quash.  In their Consolidated Memorandum, the plaintiffs raised the argument that the antiquities remained "blocked" and were therefore subject to attachment under the TRIA.  The plaintiffs also responded to Harvard's argument under the FSIA.

Harvard now seeks leave to file a Reply brief, in order to address: (1) the plaintiffs' arguments concerning the TRIA, particularly the fundamental logical flaw in the plaintiffs'

---

[2] The underlying judgment was issued by the United States District Court for the District of Columbia on September 10, 2003.  *See Rubin v. Islamic Republic of Iran*, No. 01-1655-RMU (Sept. 10, 2003) (default judgment).

[3] *See* Motion of Harvard Parties to Quash Summons and to Dissolve Attachment by Trustee Process ("Motion to Quash").

[4] *See* Memorandum of Law of Harvard Parties in Support of Motion to Quash Summons and to Dissolve Attachment by Trustee Process ("Harvard Mem. on Motion to Quash") at 5-19.

analysis; and (2) the plaintiffs' arguments concerning the FSIA. Harvard believes its Reply will assist the Court in deciding these issues.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

The undersigned certifies pursuant to Local Rule 7.1(A)(2) that the moving party has conferred with opposing counsel on the matters set forth in the foregoing motion, and that plaintiffs/judgment creditors have assented to this motion.

        Respectfully submitted,

        THE PRESIDENT AND FELLOWS OF
        HARVARD COLLEGE

        By their attorneys,

        /s/ Paul R.Q. Wolfson
        Paul R.Q. Wolfson (admitted *pro hac vice*)
        Wilmer Cutler Pickering Hale and Dorr LLP
        2445 M Street N.W.
        Washington, DC 20037
        (202) 663-6000

        Mark C. Fleming (BBO # 639358)
        Timothy R. Shannon (BBO # 655325)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA  02109
Dated: October 19, 2005        (617) 526-6000

## CERTIFICATE OF SERVICE

I, Timothy R. Shannon, hereby certify that on October 19, 2005 I caused a true and accurate copy of the this document to be served on counsel for the plaintiffs:

    Richard J. Grahn, Esq. (via Court electronic notification)
    Edward V. Colbert III, Esq.
    Georgia J. Asimakopoulos
    Looney & Grossman LLP
    101 Arch Street
    Boston, MA 02110
    (617) 951-2800

        /s/ Timothy R. Shannon
        Timothy R. Shannon (BBO #655325)

US1DOCS 5337295v2