UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, et al. | ) |
|     Plaintiffs — Judgment Creditors, | ) Case No.: 1:05-MC-10079 (GAO) |
| v. | ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) |
|     Defendants — Judgment Debtors, | ) |
| v. | ) |
| MUSEUM OF FINE ARTS, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al., | ) |
|     Trustee Process Respondents. | ) |

**TRUSTEE PROCESS RESPONDENTS' JOINT RESPONSE TO PLAINTIFFS' NOTICE OF RELEVANT AUTHORITY**

On December 15, 2005, Plaintiffs submitted a decision by a magistrate judge in a proceeding in the Northern District of Illinois as "relevant authority" assertedly supporting their motion to stay consideration of Trustee Process Respondents' pending dispositive motions. The magistrate in Chicago decided to defer addressing a number of discovery motions and limit a motions hearing to argument on Plaintiffs' pending motion there for partial summary judgment.[1] Plaintiffs argue that this supports their contention that their Motion for Partial Summary Judgment in this case should be decided first, and their more dramatic contention that their motion should be decided in a vacuum that ignores the Trustee Process Respondents' pending

---

[1] Notice of Relevant Authority in Further Support of Plaintiffs' Motions to Stay, Exhibits B and C thereto.

dispositive motions.

The purpose of this brief response is to respectfully suggest to the Court that the Trustee Process Respondents' motions to quash the attachment on the grounds of sovereign immunity should, in the interests of judicial efficiency, be noticed for hearing at the same time as the Court hears Plaintiffs' motion which argues that the Court cannot take cognizance of Iran's sovereign immunity. Logically, Plaintiffs should have presented this argument in opposing Trustee Process Respondents' dispositive motions. The fact that Plaintiffs chose instead to file a motion of their own should not be allowed to disrupt the orderly resolution in a single hearing of all the issues before the Court, which are closely entwined.

To briefly revisit the unnecessarily complicated procedural history of these proceedings, on June 27, 2005, the President and Fellows of Harvard College ("Harvard") moved to quash the trustee process summons requested by Plaintiffs and issued to them by this Court.[2] The Museum of Fine Arts ("MFA") filed a similar Motion to Quash on July 29, 2005 raising the same issue of Iran's sovereign immunity over the attached property (if, contrary to fact, any of the attached property was owned by Iran and therefore potentially subject to attachment but for Iran's sovereign immunity).[3] After the Harvard motion was filed and shortly before the MFA motion was filed, Plaintiffs filed their Motion for Partial Summary Judgment on July 25, 2005, asserting (as they chose to characterize the issue) that only Iran has the "standing" to tell the Court that sovereign immunity prevents the desired attachment.[4] On July 25 and August 11,

---

[2] Motion of Harvard Parties to Quash Summons and to Dissolve Attachment by Trustee Process.

[3] Motion of the Museum of Fine Arts to Quash Trustee Process Summons and Dissolve Attachment.

[4] Plaintiffs' Motion for Partial Summary Judgment Establishing That No Person Other Than Iran May Assert Iran's Sovereign Immunity Defenses Under §§ 1609 and 1610 of the FSIA.

2005, Plaintiffs filed additional motions to stay consideration of Trustee Process Respondents' dispositive motions,[5] which would have allowed Plaintiffs to avoid responding to Trustee Process Respondents' pending motions.  Subsequently, however, the Plaintiffs chose to file an opposition to the Trustee Process Respondents' motions on September 29, 2005.[6]  Appropriate reply memoranda have been filed, and the short of all this is that the briefing on all three pending dispositive motions has been completed, and the motions are all ripe for decision by this Court.

Because the pending cross-motions raise related issues concerning the proper recognition of sovereign immunity in attachment proceedings, Trustee Process Respondents believe it obvious that they should be heard together.  Plaintiffs' latest submission does not support any different approach.  According to Plaintiffs, the magistrate judge in Chicago was faced with a number of "discovery motions" and a potentially dispositive motion filed by Plaintiffs, and chose to limit an otherwise potentially long and complex hearing to the potentially dispositive motion.  *See* Plaintiffs' Notice of Relevant Authority at 3.  That situation is far afield from these proceedings, where dispositive cross-motions all addressing issues of sovereign immunity are squarely before the Court.

The Chicago proceedings are also in an entirely different procedural posture from these proceedings. The Chicago magistrate judge and district court judge have already held that

---

[5] Plaintiffs' Motion to Stay Trustee Process Defendants' Motion to Quash Trustee Process Summons and Dissolve Attachment Pending Determination of Plaintiffs' Motion for Partial Summary Judgment as to Trustee Process Defendants' Standing to Raise Iran's Sovereign Immunity Defense and Pending Completion of Any Necessary Discovery; Plaintiffs' Motion to Stay the Museum of Fine Art's [sic] Motion to Quash Trustee Process Summons and Dissolve Attachment Pending Determination of Plaintiffs' Motion for Partial Summary Judgment as to Trustee Process Defendants' Standing to Raise Iran's Sovereign Immunity Defense and Pending Completion of Any Necessary Discovery.

[6] Plaintiffs' Consolidated Memorandum of Law in Opposition To Trustee Process Defendants' Motions to Quash.

Plaintiffs cannot attach Iranian property unless Iran itself, and not some third-party, has used that property for commercial activity and thereby made the property no longer subject to normal principles of sovereign immunity. *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108 (N.D. Ill. 2004) (magistrate judge's order); MFA Motion to Quash, Exhibit A (Order Overruling Plaintiffs' Objections to Magistrate Judge's Order). That issue has not yet been addressed in these proceedings. Rather, that issue is presented by the Trustee Process Respondents' pending motions to quash, which should accordingly be heard at the same time the Court addresses the arguments regarding sovereign immunity that Plaintiffs chose to raise by cross-motion.

Dated: December 16, 2005

Respectfully submitted,

/s/ Paul R.Q. Wolfson
Paul R.Q. Wolfson (admitted *pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2445 M Street N.W.
Washington, DC 20037
(202) 663-6000

Mark C. Fleming (BBO # 639358)
Timothy R. Shannon (BBO # 655325)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for President and Fellows of Harvard College*

/s/ Courtney A. Clark, Esq.
Robert J. Muldoon, Jr. (BBO # 359480)
Courtney A. Clark (BBO # 651381)
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
Fax: (617) 646-2222

William D. Iverson (admitted *pro hac vice*)
Jason M. Knott (admitted *pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 662-6000
Fax: (202) 778-5549

*Attorneys for Museum of Fine Arts*