# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, DEBORAH RUBIN, DANIEL MILLER, ABRAHAM MENDELSON, STUART E. HERSCH, RENAY FRYM, NOAM ROZENMAN, ELENA ROZENMAN and TZVI ROZENMAN<br><br>Plaintiffs — Judgment Creditors,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, AYATOLLAH ALI HOSEINI KHAMENEI, ALI AKBAR HASHEMI-RAFSANJANI and ALI FALLAHIAN-KHUZESTANI<br><br>Defendants – Judgment Debtors,<br><br>v.<br><br>MUSEUM OF FINE ARTS, a not-for-profit corporation (a/k/a Boston MFA), HARVARD UNIVERSITY, et al.<br><br>Trustee Process Defendants. | Case No.: 1:05-MC-10079 |

## PLAINTIFFS' NOTICE OF NEW AUTHORITY

Plaintiffs have asserted in this proceeding that the licensing of an asset subject to an IEEPA blocking order does not "unblock" it for the purposes of § 201 of TRIA, and that the Iranian assets at issue here are therefore "blocked assets" whether or not they are subject to an OFAC license, since they also remain subject to the original blocking regime which has not been repealed. *See* Consolidated Memorandum of Law in Opposition to Trustee Process Defendants'

Motions to Quash (dkt. #51) at 9-10, n. 10 ("[A]ll assets subject to an IEEPA blocking order (such as Executive Order 12170) are 'blocked assets' within the meaning of TRIA, whether licensed or not.").

This argument was made in the alternative, only in the event that the Court rejects plaintiffs' argument that the assets at issue are contested and so in any case not subject to the OFAC license codified at 31 CFR § 535.215. *Id.*

On May 30, 2007, the Court of Appeals for the Ninth Circuit gave a decision expressly holding, exactly as plaintiffs argued here (in the alternative), that all Iranian assets which were in the United States prior to 1981 remain blocked under the original blocking regime and so are "blocked assets" within the meaning of TRIA:

> The Ministry argues that the Cubic judgment is not a blocked asset under TRIA because Executive Order 12,282 unblocked certain Iranian assets. In support of its argument, MOD cites two cases in which district courts found that TRIA did not permit the attachment of Iranian property because the assets at issue did not fall within TRIA's definition of "blocked assets." *See Bank of New York v. Rubin*, 2006 WL 633315 (S.D.N.Y. Mar. 15, 2006); *Weinstein*, 299 F.Supp.2d 63. However, the reasoning in those cases is inapplicable here. Iran's interest in the properties in question in *Rubin* and *Weinstein* arose after January 19, 1981, so Executive Order 12,282 unblocked those assets. In contrast, Iran's interest in the ACMR arose in October 1977 when Iran executed the contracts with Cubic or at the latest by October 4, 1978 when Iran made a payment of approximately $12,900,000 on the contracts. *See MOD v. Cubic*, 29 F.Supp.2d at 1170. Indeed, as both *Rubin* and *Weinstein* acknowledge, no action by the executive branch has ever unblocked the assets in which Iran has an interest that antedates the Revolution, as its interest in the Cubic judgment does in this case. *See, e.g., Weinstein*, 299 F.Supp.2d at 67 (noting that assets pre-dating January 19, 1981 continue to be blocked by 31 C.F.R. § 535.201, "which the parties concede ha[s] never been expressly revoked or repealed").

> In sum, we find that the Cubic judgment is a "blocked asset" under TRIA because it represents Iran's interest in an asset "seized or frozen by the United States ... under sections 202 and 203 of the International Emergency Economic Powers Act." TRIA § 201(d)(2)(A). Because TRIA § 201(a) waives attachment immunity for such blocked assets, we hold that Elahi may attach the Cubic judgment.

*Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems Inc*, __ F.3d __ , 2007 WL 1544584 at *5-6 (9th Cir. 2007).

Thus, this holding directly supports plaintiffs' argument in the alternative that 31 CFR § 535.215 does not "unblock" *any* property for the purpose of TRIA, whether contested or not.

Though the named party in *Cubic Defense* was Iran's ministry of defense, the Ninth Circuit found that the ministry was legally identical with Iran itself. *See id*. at 6-7.

Since Iran was a party to and fully litigated *Cubic Defense*, Iran is now collaterally estopped from disputing that the artifacts at issue in this case are subject to execution by plaintiffs under TRIA, as asserted in plaintiffs' alternative argument.

This Court previously rejected plaintiffs' argument that only Iran may assert Iran's sovereign immunity defense, and held that the Court or the Trustee Process Defendants may raise the defense. *Rubin v. Islamic Republic of Iran*, 456 F.Supp.2d 228, 231-232 (D.Mass. 2006).

But the scope and extent of Iran's immunity from execution when raised by the Court or by the Trustee Process Defendants can surely be no greater than if Iran itself were to appear and assert that immunity. Accordingly, since *Cubic Defense* held that Iran's immunity from execution of judgments held by terrorism victims does not extend to assets present in the United States prior to 1981, and since Iran itself is collaterally estopped from contesting that holding, Iran's immunity in the instant proceeding – irrespective of *who* raises that immunity – likewise does not extend to assets (like the artifacts at issue) that were present in the United States prior to 1981.

3

Therefore, in the event (which we respectfully prefer to believe is unlikely) that the Court grants the pending motion for reconsideration and vacates its previous decision holding that the assets are contested and so not subject to the OFAC license codified at 31 CFR § 535.215, the Court should permit the plaintiffs to further brief their alternative argument in light of *Cubic Defense*.

          Plaintiffs-Judgment Creditors
          by their attorneys,
          McIntyre, Tate & Holt LLP


          /S/ David J. Strachman
          David J. Strachman   BBO# 660136
          321 South Main Street, Suite 400
          Providence, RI 02903
          (401) 351-7700
          (401) 331-6095 (fax)
          djs@mtlhlaw.com

          Richard J. Grahn
          Edward V. Colbert
          Looney & Grossman LLP
          101 Arch Street
          Boston, MA 02110
          rgrahn@lgllp.com
          ecolbert@lgllp.com


## CERTIFICATION

I hereby certify that on the June 8, 2007, a true copy of the within was sent via ECF to the following:

Mark C. Fleming
Timothy R. Shannon
Wilmer, Cutler, Pickering, Hale and Dorr LLP
60 State Street
Boston, MA 02109

Paul R.Q. Wolfson
Wilmer, Cutler, Pickering, Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC 20037

Jason M. Knott
William D. Iverson
Joshua A. Doan
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

Simon J. Frankel
Covington & Burling
One Front Street
San Francisco, CA 94111

Robert J. Muldoon, Jr.
Courtney Amber Clark
Sherin & Lodgen
101 Federal Street
Boston, MA 02110

                                                               /S/ David J. Strachman