# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNY RUBIN, <br> DEBORAH RUBIN, <br> DANIEL MILLER, <br> ABRAHAM MENDELSON, <br> STUART E. HERSCH, <br> RENAY FRYM, <br> NOAM ROZENMAN, <br> ELENA ROZENMAN and <br> TZVI ROZENMAN <br><br> Plaintiffs — Judgment Creditors, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, <br> THE IRANIAN MINISTRY OF INFORMATION <br> AND SECURITY, <br> AYATOLLAH ALI HOSEINI KHAMENEI, <br> ALI AKBAR HASHEMI-RAFSANJANI and <br> ALI FALLAHIAN-KHUZESTANI <br><br> Defendants – Judgment Debtors, <br><br> v. <br><br> MUSEUM OF FINE ARTS, a not-for-profit corporation <br> (a/k/a Boston MFA), HARVARD UNIVERSITY, et al. <br><br> Trustee Process Defendants. | Case No.: 1:05-MC-10079 |

### PLAINTIFFS' RESPONSE TO
### TRUSTEE PROCESS DEFENDANTS' NOTICE OF NEW AUTHORITY

The Notice of New Authority filed by the Trustee Process Defendants on July 25, 2007, badly misconstrues the amended opinion of the Ninth Circuit Court of Appeals in *Ministry of Defense & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems Inc.*, No. 03-55015, 2007 WL 2034047 (9th Cir. July 17, 2007) ("*Cubic II*").

a.      **Plaintiffs' Main Argument**

The decision in *Cubic II* provides further <u>support</u> for plaintiffs' main argument in this case, which is that not all Iranian assets were unblocked in 1981, and that the assets at issue in this proceeding remained blocked by operation of 31 C.F.R. §535.333.

Throughout this proceeding the Trustee Process Defendants have urged the Court to disregard the plain language of §535.333, and look to the historical "purpose" of §535.333 which is unrelated to TRIA or to judgment enforcement. *See* Memorandum of Law of Trustee Process Respondents in Support of Their Motion for Reconsideration (dkt. #72) ("Def. Memo") at 5, 8, 9.

In response, plaintiffs argued that:

> [T]he underlying historical reason an asset is blocked or not blocked is just not relevant to application of TRIA. <u>If it were, there would be no enforcement of judgments under TRIA – against Iran or any other terror sponsor – because assets are never blocked for reasons related to judgment enforcement</u>. Simply put, Congress did not care – and did not anticipate that Courts would inquire – why an asset is blocked. If an asset is blocked, whatever the reason, it is subject to execution under TRIA.

Plaintiffs' Memorandum in Opposition to the Motion of Trustee Process Defendants for Reconsideration, at 14 (emphasis in the original).

The decision in *Cubic II* directly supports plaintiffs' position. The Ninth Circuit did not inquire <u>why</u> the asset at issue was blocked, or what OFAC's historical "purpose" was in blocking it. Rather, all that concerned the Ninth Circuit was whether or not the asset was blocked. Finding that it was, the Ninth Circuit ruled that TRIA permits attachment of the asset. *Id* at *6-7.

Thus, *Cubic II* clearly rejects Trustee Process Defendants' argument that a court applying TRIA must look to the "intended" operation and the "purpose" (Def. Memo at 5, 9) of the

2

blocking regulations, and constitutes authority in favor of plaintiffs' primary argument in this case.

Trustee Process Defendants' Notice of New Authority also appears to claim (on p. 3) that *Cubic II* held that the <u>only</u> Iranian assets not unblocked are military items. This is clearly baseless. The only question which concerned the Ninth Circuit was whether military assets had been unblocked. The Ninth Circuit made no finding whatsoever about what <u>other</u> categories of assets remain blocked – such as assets subject to §535.333 – because it had no need to.

    b.    <u>**Plaintiffs' Alternative Argument**</u>

It is true, as Trustee Process Defendants point out, that the Ninth Circuit's amended opinion eliminates the language contained in its original opinion supporting plaintiffs' <u>alternative</u> argument in this case (i.e. that all Iranian assets are "blocked assets" within the meaning of TRIA, whether or not subject to §535.333, since the original blocking order, Executive Order 12170, has not been repealed), and adopts the position of the government that most Iranian assets were "unblocked" (within the meaning of TRIA) in 1981.[1]

*Cubic II* does not foreclose plaintiffs' alternative argument in this Court, for two reasons. First, obviously, decisions of the Ninth Circuit do not bind this Court. Second, the statement from *Cubic II* cited by the Trustee Process Defendants ("Following release of the hostages, the United States unblocked most Iranian assets…") is a <u>dictum</u>. Once the Ninth Circuit had determined that the asset at issue was blocked and so subject to TRIA, the case was over. The reference to the "unblocked" status of other Iranian assets was thus completely unnecessary to the result reached, and is therefore not part of the holding, but a mere dictum.

---

[1] Plaintiffs emphasize that their alternative argument does not dispute the indisputable fact that in 1981 the government issued various orders and licenses permitting movement of most Iranian assets (except for contested assets and other exceptions, such as military and diplomatic property). Rather, we argue that since the original blocking order (E.O. 12170) remains in effect, all Iranian assets are "blocked" as a matter of law within the meaning of TRIA.

3

In any event, plaintiffs respectfully believe that the Court should deny the motion for reconsideration, and that it will therefore be unnecessary to reach their alternative argument.

Plaintiffs-Judgment Creditors
by their attorneys,
McIntyre, Tate & Holt LLP


    /S/ David J. Strachman
David J. Strachman   BBO# 660136
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlhlaw.com

Richard J. Grahn
Edward V. Colbert
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110
rgrahn@lgllp.com
ecolbert@lgllp.com

CERTIFICATION

I hereby certify that on the June 11, 2007, a true copy of the within was sent via ECF to the following counsel of record:

Mark C. Fleming
Timothy R. Shannon
Wilmer, Cutler, Pickering, Hale and Dorr LLP
60 State Street
Boston, MA 02109

Paul R.Q. Wolfson
Wilmer, Cutler, Pickering, Hale and Dorr LLP
2445 M Street, N.W.
Washington, DC 20037

Jason M. Knott
William D. Iverson

Joshua A. Doan
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

Simon J. Frankel
Covington & Burling
One Front Street
San Francisco, CA 94111

Robert J. Muldoon, Jr.
Courtney Amber Clark
Sherin & Lodgen
101 Federal Street
Boston, MA 02110

/S/ David J. Strachman

5